

**CARLOS JOHNSON**
**REG. NO. 94865-020**
**FCI FAIRTON**
**FEDERAL CORR. INSTITUTION**
**P.O. BOX 420**
**FAIRTON, NJ 08320**

May 20, 2024

Mr. David J. Smith
Clerk of Court
U.S. Court of Appeals
For the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

     RE:   *No.* 23-13669, – *USA v. Carlos Johnson*
            Crim No. 1:11-cr-00012-WLS-TQL-1

Dear Mr. Smith:

    Enclosed please find and accept for filing Petitioner-Appellant's Brief for Appellant and Appendix. Please submit this document to the Court.

    Thank you for your assistance in this matter.

                      Sincerely,

                      *Carlos Johnson*
                      **CARLOS JOHNSON**
                      Appearing *Pro Se*

*Encl. as noted*



# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

### No.  23-13669

UNITED STATES OF AMERICA,

                Plaintiff-Appellee,

versus

CARLOS JOHNSON,

                Defendant-Appellant.

## APPELLANT' S BRIEF

Appeal from the United States District Court
For the Middle District of Georgia, Albany Division
Criminal No. 1:11-cr-00012-WLS-TQL-1
Honorable W. Louis Sands,  Senior U.S. District Court Judge

CARLOS JOHNSON
REG. NO. 94865-020
FCI FAIRTON
FEDERAL CORR. INSTITUTION
P.O. BOX 420
FAIRTON, NJ 08320
Appearing *Pro Se*



# In the United States Court of Appeals
## For the Eleventh Circuit



CARLOS JOHNSON,
  *Defendant-Appellant,*

v.                                                                    No. 23-13669-CC

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee.*

---

## DEFENDANT-APPELLANT'S CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

COMES Movant-Appellant, CARLOS JOHNSON ("Johnson"), appearing *pro se,* and files his Notice or Certificate of Interested Persons and Corporate Disclosure Statement as follows:

### I.

Pursuant to 11th Cir. R. 26.1-2(c), Johnson hereby files his Certificate of Interested Persons and Corporate Disclosure Statement required by Rule 26.1-2(a). The following is a complete list of all persons and entities that Johnson believes to have an interest in the outcome of the case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal as required by 11th Cir. R. 26.1-1:

1

- Arana, Victor Arturo – former Attorney for Co-Defendant;

- Bennett, Danial Edward – Assistant United States Attorney, formerly Middle District of Georgia;

- Brimberry, Mark D. – former Attorney for Co-Defendant;

- Bruton, Travis – Co-Defendant;

- Caine, Tyrone – Co-Defendant;

- Cannon, John Phillip – Attorney for Co-Defendant;

- Carter, Roosevelt, II – Attorney for Co-Defendant;

- Clemons, Casey – Co-Defendant;

- Collum, Rick Daniel – former Attorney for Co-Defendant;

- Cox, Carrie D. – Attorney for Co-Defendant;

- Davis, Terrance – Co-Defendant;

- Debrow, Barry, Jr. – Attorney for Co-Defendant;

- Dennard, Michael – former Assistant United States Attorney; Middle District of Georgia;

- Dodson, Jonathan R – former Attorney for Defendant,;

- Driskell, Ingrid – Attorney for Co-Defendant;

- Edwards, John Gee – former Attorney for Co-Defendant;

- Fernandez, Jack E. – former Attorney for Co-Defendant;

- Gabriel, Russell C. – Interim Executive Director, Federal Defenders of the Middle District of Georgia, Inc.;

- Gamble, Wilbur T., III. – former Attorney for Defendant-Appellant;

- Goss, Ron – Co-Defendant;

- Graham, Bernard – Co-Defendant;

- Hall, William Douglas – Attorney for Co-Defendant;

- Hamilton, Paul – Attorney for Co-Defendant;

- Harris, John – Co-Defendant;

- Johnson, Carlos – Petitioner-Appellant;

- Johnson, Erica – Co-Defendant;

- Johnson, Kelvin – Co-Defendant;

- Johnson, Larry Michael – Attorney for Co-Defendant;

- Jones, T'Michael – Co-Defendant;

- King, Chevene Bowers – Attorney for Co-Defendant;

- Langstaff, Thomas Q. – United States Magistrate Judge, Middle District of Georgia;

- Leary, Peter D. – United States Attorney, Middle District of Georgia;

- Ledford, John R. – Attorney for Co-Defendant;

- Lietz, W. Carl, III. – former Attorney for Co-Defendant;

3

- McEwen, Leah – Assistant United States Attorney, Middle District of Georgia;

- McKnight, Brandon – Co-Defendant;

- Murrah, Gilbert J. – Attorney for Co-Defendant;

- Pollard, Avery – former Attorney for Co-Defendant;

- Sadow, Steven H. – Attorney for Co-Defendant;

- Sands, W. Louis – Judge, United States District Court, Middle District of Georgia;

- Schieber, Michelle L. – Assistant United States Attorney, Middle District of Georgia;

- Scott, Maurice – Co-Defendant;

- Sheffield, Nichole – Co-Defendant;

- Shein, Marcia G. – former Attorney for Defendant-Appellant;

- Shuler, Anthony – Co-Defendant;

- Stroud, Marikes – Co-Defendant;

- Underwood, William Fleming, III – Attorney for Co-Defendant;

- Vickers, Jimmy – Co-Defendant;

- Westbroek, Jared Scott – former Attorney for Defendant;

- Williams, D. Nicole – Attorney for Co-Defendant;

4

- Williams, Gerald B. – former Attorney for Co-Defendant;

- Wilson, James – Co-Defendant;

- Winbush, Antonio – Co-Defendant;

- Yarbrough, Derek E. – Attorney for Co-Defendant.


Respectfully submitted,


Dated: May 20, 2024

*Carlos Johnson*

CARLOS JOHNSON
REG. NO. 94865-020
FCI FAIRTON
FEDERAL CORR. INSTITUTION
P.O. BOX 420
FAIRTON, NJ 08320
Appearing *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2024, a true and correct copy of the above and foregoing Defendant-Appellant's Certificate of Interested Persons and Corporate Disclosure Statement was mailed via U. S. Mail, postage prepaid, to Michelle Lee Schieber, Assistant U.S. Attorney at DOJ-USAO, 300 Mulberry St., 4th Fl., Macon, GA 31202.


*Carlos Johnson*

CARLOS JOHNSON

4

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

No. 23-13669

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS JOHNSON,

Defendant-Appellant.

## APPELLANT' S BRIEF

Appeal from the United States District Court
For the Middle District of Georgia, Albany Division
Criminal No. 1:11-cr-00012-WLS-TQL-1
Honorable W. Louis Sands, Senior U.S. District Court Judge

CARLOS JOHNSON
REG. NO. 94865-020
FCI FAIRTON
FEDERAL CORR. INSTITUTION
P.O. BOX 420
FAIRTON, NJ 08320
Appearing *Pro Se*

## CERTIFICATE OF INTERESTED PERSONS

Defendant-Appellant, appearing *pro se,* and in compliance with Fed. R. App.

P. 26.1 and 11th Cir. R. 26.1-1, certifies that the following listed persons and parties

have an interest in the outcome of this case:

1)     CARLOS JOHNSON, Defendant-Appellant

2)     UNITED STATES OF AMERICA, Plaintiff-Appellee

      Michelle L. Schieber, Assistant U.S. Attorney

3)     UNITED STATES DISTRICT COURT

      Honorable W. Louis Sands, Senior U.S. District Court Judge

_____

CARLOS JOHNSON

ii

## **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.    Course of Proceedings and Disposition Below. . . . . . . . . . . . . . . . . 2

      B.    Statement of the Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

      A.    The District Court abused its discretion in denying Johnson's Motion for Compassionate Release Because Johnson Has "Extraordinary and Compelling Reasons" Requirement to Warrant a Sentence Reduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

# TABLE OF AUTHORITIES

**Cases**                                                              **Page(s)**

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (same) . . . . . . . . . . . . . . . . . . . . . . . 10

*Haines v. Kerner*, 404 U.S. 519, 520 (1972) (same) . . . . . . . . . . . . . . . . . . . . . . . 10

*Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998) . . . . . . . . . . 10

*United States v. Bryant*, 996 F.3d 1243, 1247 (11th Cir. 2021) . . . . . . . . . . . 13, 14

*United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021). . . . . . . . . . . . . 13, 14

*United States v. Salliey*, CRIMINAL ACTION RDB-10-0298
(D. Md. Feb. 13, 2023). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*USA v. Carlos Johnson*, No. 13-12918 (11th Cir. 2015). . . . . . . . . . . . . . . . . . . . 10

## Statutes, Rules and Regulations

18 U.S.C. § 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

18 U.S.C. § 924(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

18 U.S.C. § 3553(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

18 U.S.C. 3582(c)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 15, 16

18 U.S.C. 3582(c)(1)(A)(i). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

18 U.S.C. § 3582(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

21 U.S.C. § 841(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 9

21 U.S.C. § 841(b)(1)(A)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 9

21 U.S.C. § 841(b)(1)(A)(iii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9

21 U.S.C. § 841(b)(1)(B)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

21 U.S.C. § 841(b)(1)(B)(iii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C. § 841(b)(1)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

21 U.S.C. § 846 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 9

21 U.S.C. § 851 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

21 U.S.C. § 853(p) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

U.S.S.G. § 1B1.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

U.S.S.G. § 1B1.13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 19

U.S.S.G. § 2D1.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

U.S.S.G. § 2D1.1(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

U.S.S.G. § 2D1.1(b)(14) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

U.S.S.G. § 3B1.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

U.S.S.G. § 3B1.1(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## APPENDIX

District Court's Order Denying Johnson's Motion for Compassionate Release.  1A

Johnson's Notice of Appeal Re: Denial of His Motion for Compassionate Release
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2A

Eleventh Circuit's Order Granting Johnson's Motion to Reinstate Appeal . . . .  3A

## STATEMENT OF JURISDICTION

This is an appeal from the dismissing of Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion for Compassionate Release"), on October 17, 2023. See Appendix 1A; Docs. 1014.[1] Johnson filed a Notice of Appeal re: dismissal of his Motion for Compassionate Release. on November 3, 2023. See Appendix 2A; Doc. 1019. On December 26, 2023, the appeal was dismissed for want of prosecution because Johnson failed to file a Transcript Order Form in both the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") and the district court within the time fixed by the rules. See Docs. 1025, 1026. On March 12, 2024, Johnson filed a Motion to Reinstate Appeal. See Appendix 3A; ROA 11. On March 28, 2024, the Eleventh Circuit issued a briefing notice, directing Johnson to file an Appellant's Brief by May 6, 2024. See ROA. 13. The district court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

---

[1] "Doc." refers to the United States District Court for the Middle District of Georgia, Albany Division in Criminal No. 1:13-cr-10087-JES-JEH-2, which is immediately followed by the Docket Entry Number. "ROA." refers to the record on appeal in No. 23-13669, which is immediately followed by the page number. "PSR" refers to the Presentence Report in this case, which is immediately followed by the paragraph ("¶") number.

## STATEMENT OF THE ISSUE

**A.**    Whether the District Court erred in denying Johnson's Motion for

Compassionate Release because Johnson has "extraordinary and compelling reasons"

requirement to warrant a sentence reduction.

## STATEMENT OF THE CASE

### A.    <u>Course of Proceedings and Disposition Below</u>

On March 9, 2011, a grand jury sitting in the United States District Court for

the Middle District of Georgia, Albany Division, returned a nineteen (19) Count

Superseding Indictment charging Johnson and twelve other co-defendants. See Doc.

1. Count 1s charged Johnson with Conspiracy to Possess 5 Kilograms or More of

Cocaine and 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 846,

841(a)(1), (b)(1)(A)(ii), and (b)(1)(A)(iii). *Id*. Count 2s charged Johnson with Aiding

and Abetting to Possess with Intent to Distribute 50 Grams or More of Crack

Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(A)(ii), and 18 U.S.C. § 2. *Id*.

Count 3s charged Johnson with Aiding and Abetting to Possess with Intent to

Distribute 5 Kilograms or More of Cocaine Base, in violation of  21 U.S.C. §§

841(a)(1), (b)(1)(B)(iii), and 18 U.S.C. § 2. *Id*.  Counts 11s, 14s ,16s-18s charged

Johnson with Aiding and Abetting to Possess with Intent to Distribute A Mixture and

Substance Containing A Detectable Amount of Cocaine, in violation of 21 U.S.C. §§

2

841(a)(1), (b)(1)(C), and 18 U.S.C. § 2. *Id*. Count 12s charged Johnson with Aiding and Abetting to Possess 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(A)(ii), and 18 U.S.C. § 2. *Id*. Count 15s charged Johnson with Aiding and Abetting to Possess with Intent to Distribute A Mixture and Substance Containing A Detectable Amount of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 21 U.S.C. § 846, and 18 U.S.C. § 2. *Id*. Count 19 charged Johnson with Aiding and Abetting to Possess with Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii), and 18 U.S.C. § 2. *Id*. The Superseding Indictment also contained Criminal Forfeiture Allegation pursuant to 21 U.S.C. § 853(p). *Id*.

On August 12, 2011, a Change of Plea Hearing was held and Johnson entered a plea of guilty on Count 1s and 2s of the Superseding Indictment, pursuant to a written Plea Agreement. See Docs. 355, 357.

On June 13, 2013, Counts 1-3, 12, and 14-19 were superseded and Johnson was sentenced to a term of life imprisonment as to Count 1s; followed by 5 years Supervised Release, no Fine or Restitution, and a Mandatory Special Assessment Fee of $100. See Docs. 762, 772.

On November 18, 2015, the Court reduced Johnson's life sentence to 360 months' imprisonment pursuant to an Order Reducing Sentence Re: Crack Cocaine

3

Offense. See Docs. 918, 919.

On June 27, 2013, Johnson timely filed a Notice of Appeal. See Doc. 777.

On March 12, 2015, the United States Court of Appeals For the Eleventh Circuit ("Eleventh Circuit") issued an order affirming the judgment of the District Court. See Doc. 861.

On June 24, 2019, Johnson filed a Motion to Reduce Sentence pursuant to First Step Act which was denied on August 7, 2019. See Docs. 960, 968.

On September 11, 2020, Johnson filed a Motion for Compassionate Release which was denied on March 4, 2021. See Docs. 993, 995, 1003.

On October 31, 2022, Johnson filed a Motion for Compassionate Release, Motion to Reduce Sentence - First Step Act which was denied on October 17, 2023. See Docs. 1009, 1014.

On November 3, 2023, Johnson filed a Notice of Appeal re: dismissal of his Motion for Compassionate Release which was also dismissed on December 26, 2023. See Docs. 1019, 1025, 1026.

On March 13, 2024, Johnson filed a Motion to Reinstate Appeal which was granted on March 28, 2024. See ROA. 11, 12. On the same day, a Briefing Notice was issued to Johnson for his appeal brief to be due on May 6, 2024. *Id.*

4

**B.**   **Statement of the Facts**

    1.   Offense Conduct

The United States and Johnson, through the advise of his counsel, stipulated

and agreed to the following:

> From December, 2008 through February, 2011 the DEA and Bainbridge
> Police conducted an undercover operation concerning Johnson, Kelvin
> Johnson ("Kelvin"), Nichole Sheffield ("Sheffield"), John Harris
> ("Harris"), Maurice Scott ("Scott"), Tyrone Caine ("Caine"), Bernard
> Graham ("Graham"), Erica Johnson ("Erica"), Anthony Shuler
> ("Shuler"), Jimmy Vickers ("Vickers"), Brandon McKnight
> ("McKnight"), Terrance Davis ("Davis"), Casey Clemons ("Clemons"),
> Travis Bruton ("Bruton"), Marikes Stroud ("Stroud"), James Wilson
> ("Wilson"), Ron Goss ("Goss") and Antonio Winbush ("Winbush"). The
> defendants were involved in the distribution of multi-ounce quantities
> of cocaine and crack cocaine in the Seminole County, Georgia area.
> During this time frame, Johnson and Kelvin were supplied with cocaine
> by various sources. They would then cook the cocaine into crack
> cocaine and supply the remaining defendants. They would utilize the
> remaining defendants to distribute cocaine and cocaine base.
>
> The officers began the operation by making undercover buys from
> several of the defendants. In all of those buys the officers used a
> confidential informant. The informants' body and car were wired,
> Therefore, the buys were audio/video recorded. The officers searched
> the confidential informant and its cars before it went to make each buy.
> Upon returning to a prearranged meeting place the officers again
> searched the informants and their cars after each buy.
>
> On December 4, 2008 a confidential informant working for law
> enforcement made a controlled buy of cocaine base from Johnson. The
> buy took place in Seminole County, Georgia. The buy was preserved on
> audio and video tape. The cocaine base purchased from the defendant on
> this date tested positive for a total of 60.2 grams of cocaine base.

It is further stipulated that the drugs obtained from Johnson on this date were sent to the DEA crime lab and proved to be cocaine base with a total weight of 60.2 grams.

On December 12, 2008 a confidential informant working for law enforcement made a controlled buy of cocaine base from Johnson. The buy took place in Seminole County, Georgia. The buy was preserved on audio and video tape. The cocaine base purchased from the defendant on this date tested positive for a total of 23.6 grams of cocaine base.

It is further stipulated that the drugs obtained from Johnson on this date were sent to the DEA crime lab and proved to be cocaine base with a total weight of 23.6 grams.

In April, 2010, federal agents obtained a court order to monitor phones used by Johnson and Kelvin and members of their organization. The phones were being used to obtain and distribute cocaine in the Donalsonville, Seminole County, Georgia area. Conversations over the monitored phone indicated that Johnson and Kelvin were obtaining multi-kilogram amounts of cocaine from T' Michael Jones ("Jones") and later Winbush. Once the cocaine was obtained it was transported to Donalsonville, Seminole County, Georgia where it was distributed by the Johnson organization, including the other named defendants.

On June 3, 2010, agents monitoring Johnson and Kelvin's phone learned that the Johnsons had arranged to sell 16 ounces of cocaine to Goss in Bainbridge, Georgia. The calls further revealed that Johnson had enlisted Erica to deliver the drugs to Goss, Officers initiated a traffic stop and seized the cocaine, Erica advised that she was delivering the cocaine to Goss for the Johnson brothers. The net weight of the cocaine was 442.7 grams of cocaine.

On February 10, 2011 agents seized 1992.3 grams of cocaine from Johnson and Johnson and Winbush after a stop and chase by the Georgia State Patrol. Wire intercepts revealed that The Johnson Brothers were to travel to Leary, GA to obtain cocaine from Winbush. Officers surveilled the home and observed Kelvin's vehicle arrive at Winbush's

6

residence After leaving the residence, the Georgia State Patrol initiated a stop on the Johnsons which resulted in a high-speed chase. Officers observed that Kelvin was driving and Johnson was the passenger. After the initial stop the vehicle sped off. The occupants (the Johnsons) threw the cocaine from the car during the chase. The defendants were able to get away because the officers car malfunctioned. The officers recovered the cocaine that had been discarded from the vehicle. Thereafter, officers executed a search on Winbush's home and seized $125,928.00. The money was located in a black duffel bag. Winbush had a security camera system and officers, through a search warrant, obtained the tapes from said system. The tapes indicated that the Johnson Brothers arrived at the residence in Kelvin's truck. After arrival, Johnson exited the vehicle and entered Winbush's house with the black duffel bag. Approximately 5 minutes later Johnson exited the house without the bag. He appeared to be holding a package of sorts under an article of clothing. Winbush exited the house and talked briefly to Kelvin and then the brothers left. The tapes showed that when Officers arrived to serve the warrant on Winbush, he was in the back yard and jumped over a fence and escaped. It is further stipulated that the drugs obtained from Johnson, Kelvin, and Winbush on this date were sent to the DEA crime lab and proved to be cocaine with a total weight of 1992.3 grams.

It is further stipulated that for the purpose of determining the amount of cocaine attributable to the Defendant, his sentence will be based on at least 5 but less than 15 kilograms of cocaine and at least 280 grams but less than 840 grams of cocaine base.

See Doc. 357 at 13-19.

### 2.   Plea Proceeding

On August 12, 2011, a Change of Plea Hearing was held before Judge W. Louis Sands. See Doc. 355. Johnson pled guilty to Count 1s of the Superseding Indictment, pursuant to a written Plea Agreement. See Doc. 357. In exchange for

Johnson's guilty plea, the government agreed: (1) to receive 3-level reduction for the acceptance of responsibility; (2) to dismiss the remaining counts of the Indictment. *Id.* at 10. The case was referred to the U.S. Probation Office for the preparation of the PSR.

### 3.    Presentence Report Calculations and Recommendations

On October 27, 2011, the U.S. Probation Officer prepared Johnson's PSR. The November 1, 2010 Guidelines Manual, incorporating all guideline amendments, was used to determine Johnson's offense level pursuant to U.S.S.G. § 1B1.3. See PSR ¶ 30. Count 1: Possession with intent to Distribute Cocaine and Crack Cocaine calls for a Base Offense Level of 34 pursuant to U.S.S.G. § 2D1.1. See PSR ¶ 33. Two (2) levels were added because Johnson possessed dangerous weapon including a firearm, pursuant to U.S.S.G. § 2D1.1(b)(1). See PSR ¶ 34. Another two (2) levels were added because Johnson was involved in tampering with or destruction of evidence as well as, the offense was part of a pattern of criminal conduct engaged in as a livelihood, pursuant to U.S.S.G. § 2D1.1(b)(14). See PSR ¶ 35. Four (4) levels were added for his role in the offense as organizer or leader, pursuant to U.S.S.G. § 3B1.1(a). See PSR ¶ 36. Johnson received a three (3) level reduction for acceptance of responsibility, pursuant to U.S.S.G. §§ 3E1.1(a) and (b). See PSR ¶¶ 42-43. The PSR calculated Johnson's Total Offense Level to be level 39. See PSR ¶ 43. His total

8

criminal history points of eight (8), placed him in Criminal History Category IV. See

PSR ¶57. Based upon a Total Offense Level of 39 and a Criminal History Category

of IV, the guideline imprisonment range was 360 months to life. See PSR ¶ 71.

### 4.    Sentencing Proceeding

On June 13, 2013, a Sentencing Hearing was held before Judge W. Louis

Sands. See Doc. 355. On the same day, Johnson was sentenced to life imprisonment

on Count 1s of the Superseding Indictment which was reduced to a term of 360

months' imprisonment on November 18, 2015. See Docs. 762, 772, 918, 919. Upon

release from imprisonment, Johnson shall be on followed by a 5-year term of

supervised release and the Court ordered a Mandatory Special Assessment Fee of

$100. See Docs. 762, 772. A Notice of Appeal was filed on June 27, 2013. See Doc.

777.

### 5.    Appellate Proceeding

On Appeal, Carlos Johnson and Kelvin Johnson (collectively the "Johnson

brothers") challenge their life sentences, which were imposed after they both pleaded

guilty to one count of conspiracy to possess with intent to distribute cocaine and

"crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (iii), 846. The

Johnson brothers argue that their pleas were not knowing and voluntary because the

government withheld information prior to their pleas that was later used to enhance

9

their sentencing guidelines ranges. As such, the Johnson brothers contend that the sentence appeal waivers contained within their plea agreements no longer apply, and they may challenge on appeal the district court's decisions regarding the calculation of their guidelines ranges. The Johnson brothers also contend that both of their counsel were ineffective for failing to impeach a witness during the sentencing hearing. After careful review of the parties' briefs and the relevant portions of the record, and having had the benefit of oral argument, the Eleventh Circuit affirmed the Judgment of the District Court on March 12, 2015. See Doc. 861; *USA v. Carlos Johnson*, No. 13-12918 (11th Cir. 2015).

   **Note:** Johnson received a reduction under amendment 782 to a term of 360 months custody. He later received a Rule 35 reduction to a sentence of 264 months custody.

## ARGUMENT

### A.    Standard of Review

   The Eleventh Circuit reviews the denial of a motion for compassionate release for abuse of discretion. United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* at 911.

10

As a preliminary matter, Johnson respectfully requests that this Court be mindful that *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed. See *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (same); and *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (same).

## B.    Discussion

### The District Court Abused its Discretion in Denying Johnson' Motion for Compassionate Release Because Johnson Has "Extraordinary and Compelling Reasons" Requirement to Warrant a Sentence Reduction.

The District Court's judgment denying Johnson's Motion for Compassionate Release should be reversed and remanded for consideration because Johnson has "extraordinary and compelling reasons" to warrant a sentence reduction.

The District Court's Order dismissing Johnson's Motion for Compassionate Release, which states as follows:

> Following are the *pro se* motions filed by Defendant Carlos Johnson, which are Motion for Compassionate Release and the First Step Act (Doc. 1009), Motion for Status on the Motion (Doc. 1010), and a Second Motion for Status on the Motion (Doc. 1012). For reasons that follow, Defendant's Motion for Compassionate Release (Doc. 1009) is DENIED and his Motions for Status (Docs. 1010 and 1012) are DISMISSED as moot.
>
> Previously, Defendant Johnson filed his first Motion for Compassionate Release (Doc. 971), which the Court denied. (Doc. 972). Thereafter,

11

Defendant filed two additional Motions for Compassionate Release (Docs. 993; 995), which the Court also denied. (Doc. 1003).

Defendant then filed the instant Motion for Compassionate Release (Doc. 1009). Therein, Defendant seeks compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A) and the First Step Act. (Doc. 1009, at 16–17).

A motion filed pursuant to 18 U.S.C. § 3582(c)(1)(A) allows for compassionate release only in particularly extraordinary or compelling circumstances that could not have been foreseen by the court at the time of sentencing. According to the United States Sentencing Guidelines, "extraordinary and compelling reasons" that may justify relief under 18 U.S.C. § 3582(c)(1)(A)(i) include: (1) defendants with medical conditions such as terminal illness; (2) defendants at least 65 years old; or (3) death or incapacitation of the caregiver of the defendant's minor child or minor children. U.S.S.G. § 1B1.13 cmt. n.1. Inmates may file directly to the Court only after exhaustion of administrative remedies or thirty days from receipt of a request by the Warden's Office.

Here, Defendant contends that he has exhausted administrative remedies. (Doc. 1009, at 11). He requests compassionate release or reduction in his sentence based on the following "extraordinary and compelling reasons" asserted by Defendant—he is eligible for a reduced sentence under the First Step Act; he is ineligible for RDAP participation because his offense involved firearm possession; and the sentencing disparities among his co-defendants and other defendants with similar records who were found guilty of similar conduct. (Doc. 1009, at 18–30). The Court shall address each of Defendant's reasons in turn.

Upon careful review, the Court finds that Defendant does not allege extraordinary or compelling circumstances that justify relief under § 3582(c)(1)(A). The Court also notes that Defendant's arguments are similar to that of previous motions denied by this Court on similar grounds. (Docs. 968; 972.)

12

First, on June 13, 2013, the Court sentenced Defendant, after he entered a guilty plea to the charge of Conspiracy to Possess with Intent to Distribute Cocaine, to a term of life imprisonment, to be followed by a 5-year supervised release. On November 17, 2015, the Court reduced Defendant's term of imprisonment to 360 months pursuant to a reduction in the guideline range for drug offences. (Doc. 919). On February 9, 2016, the Court further reduced Defendant's term of imprisonment to 264 months pursuant to the Government's motion for reduction of sentence under Federal Rule of Criminal Procedure 25(b). (Doc. 926). On August 6, 2019, the Court denied Defendant's motion for a reduction of sentence under the First Step Act (Doc. 968) because, although his conduct occurred between 2008 and 2011, Defendant was sentenced in 2013 under the provisions of the Fair Sentencing Act of 2010. (Doc. 968). Section 404(c) of the First Step Act provides that no Court shall entertain a motion made under the First Step Act of 2018 if the sentence was previously imposed in accordance with the Fair Sentencing Act of 2010. First Step Act § 404(c). Thus, the Court finds Defendant's argument that he is serving a sentence that "has not already been reduced" (Doc. 1009, at 16) to be meritless, and does not find Defendant's argument to constitute a compelling or extraordinary reason that warrants compassionate release or further reduction in his sentence.

Second, Defendant points to how he was deemed ineligible to participate in RDAP, which would permit an additional 1-year reduction, because of the alleged firearm possession. Defendant further asserts that there was no evidence to prove that he actually possessed a firearm. (Doc. 1009, at 21). Previously, Defendant objected to the two-level enhancement for possessing a firearm during the commission of the offense. (Doc. 723). At the sentencing hearing held on June 13, 2013, the Court heard from Defendant and the Government on Defendant's objection and ultimately overruled it. (Doc. 762). In addition, a review of "Statement of Reasons" (Doc. 773) shows that Defendant's sentence was imposed based on the totality of the circumstances, which included the extraordinary number of illegal narcotics involved, the number of people to whom Defendant distributed drugs to, Defendant's role in the offense, the impact of his conduct on the community, and the need to impose a sentence to deter similar conducts and acts. (Doc. 773, at 4).

13

Thus, the Court does not find Defendant's reason—that he is ineligible for RDAP—to be a justifiable extraordinary or compelling reason.

Lastly, Defendant's argument regarding sentencing disparities among co-defendants do not constitute compelling or extraordinary reason. The Eleventh Circuit made it clear that the "only circumstances that can rise to the level of extraordinary and compelling reasons for compassionate release are limited to those extraordinary and compelling reasons as described by Section 1B1.13." *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021); *United States v. Bryant*, 996 F.3d 1243, 1247 (11th Cir. 2021). Those four categories are medical condition of the defendant, such as if defendant is suffering from a terminal illness, suffering from a serious physical or mental condition, or a serious functional or cognitive impairment; if the defendant is at least 65 years old, experiencing a serious deterioration in physical or mental health because of the age, and has served at least 10 years or 75 percent of his term of imprisonment; family circumstances where death or incapacitation of the caregiver of defendant's minor child occurs or the incapacitation of a defendant's spouse or registered partner occurs and the defendant is the only available caregiver for the spouse; and other reasons determined by the Director of the BOP. U.S.S.G. § 1B1.13, Application Note 1.

Hence, the Court finds that Defendant's arguments about sentencing disparities with his codefendants—as well as the other reasons that Defendant asserts are compelling or extraordinary reasons, as discussed above—do not fit into one of the four categories. *Bryant*, 996 F.3d at 1259 ("Congress made a determined choice that the Commission, not courts, would continue to establish what reasons were extraordinary and compelling for Section 3582(c)(1)(A) motions [and] Congress also made these limited amendments in the knowledge that 1B1.13 was the applicable policy statement.") (internal citations omitted).

Thus, after careful and complete review of record and Defendant's Motion (Doc. 1009) in conjunction with the factors set forth in 18 U.S.C. 3553(a)1 and the standard discussed above, the Court does not find that Defendant has demonstrated that he is eligible for release under § 3582(c)(1)(A). As discussed above, Defendant ultimately fails to

14

satisfy the requirements for granting compassionate release based on
extraordinary or compelling circumstances. U.S.S.G. § 1B1.13 cmt. n.1;
*Giron*, 15 F.4th at 1346; *Bryant*, 996 F.3d at 1259.

Accordingly, Defendant's Motion for Compassionate Release and First
Step Act of 2018 (Doc. 1009) is DENIED, and his Motions for Status on
his Motion for Compassionate Release and First Step Act (Docs. 1010;
1012) are DISMISSED as moot.

See Doc. 1014 at 1-4; Appendix 1A.

The District Court erred in its Order that Johnson has "no compelling or
extraordinary reasons for a sentence reduction," for the following reasons:

The principles of Compassionate Release allow for Johnson's early release. As
discussed above, the principles for release are no longer limited to BOP guidelines;
federal courts have the power to determine what constitutes extraordinary and
compelling circumstances.

### 1.    First Step Act—Reduction in Term of Imprisonment under 18 U.S.C. § 3582(c)(1)(A)

This responds to the First Step Act of 2018, Pub. L. 115–391 (Dec. 21, 2018)
("First Step Act" or "Act"), which contains numerous provisions related to
sentencing, prison programming, recidivism reduction efforts, and reentry procedures.
Specifically, the sentencing reform provisions of the Act (1) amended the sentencing
modification procedures set forth in 18 U.S.C. § 3582(c)(1)(A) to allow a defendant
to file a motion seeking a reduction in the defendant's term of imprisonment under

certain circumstances; (2) reduced certain enhanced penalties imposed pursuant to 21 U.S.C. § 851 for some repeat offenders and changed the prior offenses that qualify for such enhanced penalties; (3) broadened the eligibility criteria of the "safety valve" provision at 18 U.S.C. § 3553(f); (4) limited the "stacking" of certain mandatory minimum penalties imposed under 18 U.S.C. § 924(c) for multiple offenses that involve using, carrying, possessing, brandishing, or discharging a firearm in furtherance of a crime of violence or drug trafficking offense; and (5) allowed for retroactive application of the Fair Sentencing Act of 2010. Revisions to the Guidelines Manual may be appropriate to implement the Act's changes to 18 U.S.C. § 3582(c)(1)(A).

The 814 Amendment had also revised the list of "extraordinary and compelling reasons" in §1B1.13 in several ways.

The sixth amendment added a new category ("Unusually Long Sentences") providing that if a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time

16

the motion is filed, and after full consideration of the defendant's individualized circumstances. See USSG §1B1.13 (b)(6).

In this case, Johnson had already served his sentence for more than 13 years. Under the 814 Amendment, this is considered to be an unusually long and harsh sentence. Thus, this presents as an "extraordinary and compelling reasons." See *United States v. Salliey*, CRIMINAL ACTION RDB-10-0298 (D. Md. Feb. 13, 2023), the Court concludes that the length of *Salliey*'s sentence, the substantial time he has already served, and his strong evidence of rehabilitation are collectively sufficient. *Salliey* was sentenced to a term of 204 months, or seventeen years, for possession of a firearm. (See Judgment 2.) The record reflects that he has already served a substantial portion of that sentence, and that he is scheduled to be released in just over two years.

### 2.    Requests Based on Family Circumstances – Incapacitation of the Prisoner's Mother Due to Serious Medical Condition

In this case, Johnson requests for Reduction in Sentence ("RIS") because his mother is  now suffering from non-recoverable medical issues. Specifically, Johnson's mother, suffers from severe health complications, exacerbated by COVID-19, hypertension, and diabetes. This incapacitation negates her ability to provide requisite elevated care. During these trying times, Johnson, is the primary and only

17

available caregiver, meaning there is no other family member or adequate care option that is able to provide primary care for his mother.

In this case, Johnson's mother suffers from incurable, progressive disease, from which they will never recover. Her condition severely affects her capacity to function or to care for herself . His mother has an advanced age and in poor health– she is currently being treated for: hypertension and diabetes, as well as, it worsened by COVID-19.

Because of the urgency imposed by such unforseen event – incapacitation of Johnson's mother to provide the requisite elevated care to herself, it is important that the sentencing court decides instantaneously whether to reduce Johnson's sentence after considering the factors in section 3553(a) and if it finds that "extraordinary and compelling reasons" warrant a reduction.

Johnson, currently housed at the FCI Fairton, in Fairton, NJ ("FCI Fairton"). Although Johnson's sentence was enhanced with alleged firearm possession, he was still not charged with violent convictions. Accordingly, Johnson is not a threat to society. Because of the relatively limited risk of recidivism and the relatively limited potential danger to the community of his release, he was resentenced from Life to 360 months' imprisonment, and his projected release is on April 5, 2029. Since his incarceration, Johnson has completed courses and workshops in the BOP. Generally,

18

Johnson is well capable of working to support and provide for himself and his family. It is imperative that Johnson cares for his mother, who have supported him all throughout his life.

No aspect of Johnson's offense involved violence. Since he was incarcerated, Johnson had no violent disciplinary infractions at all. *Id*. Johnson does not have ties to large-scale criminal organizations, gangs, or cartels. Therefore, Johnson qualifies under the limited circumstances that authorize such a motion, and because of the relatively limited risk of recidivism and the relatively limited potential danger to the community of his release.

District courts enjoy substantial discretion to consider all relevant information at a sentencing hearing. That discretion extends to subsequent hearings modifying sentencing, as well. The First Step Act preserves this discretion, allowing the district court to reduce sentences based not only on the changes to sentencing ranges, but also on other legal or factual changes that have occurred since the original sentencing.

Under 18 U.S.C. § 3582(c)(2), to modify Johnson's sentence, taking into account the advisory nature of the guidelines after *Booker* and the considerations set forth in 18 U.S.C. § 3553(a). The Court should find that a sentence of time served is sufficient, but not greater than necessary.

19

## CONCLUSION

For the above and foregoing reasons, the District Court abused its discretion in denying Johnson's motion for compassionate release. As such, Johnson's conviction and sentence should be vacated and remanded to the District Court for further proceedings.

Respectfully submitted,

Dated: May 20, 2024

Carlos Johnson
CARLOS JOHNSON
REG. NO. 94865-020
FCI FAIRTON
FEDERAL CORR. INSTITUTION
P.O. BOX 420
FAIRTON, NJ 0832

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2024, I mailed a true and correct copy of the above and foregoing Appellant's Brief via U.S. Mail, postage prepaid, to Michelle L. Schieber, Assistant U.S. Attorney at U.S. Attorney's Office, 300 Mulberry Street, Suite 400, Post Office Box 1702, Macon, Georgia 31202-1702.

Carlos Johnson
CARLOS JOHNSON

**APPENDIX 1A:**
**"District Court's Order Denying Johnson's**
**Motion for Compassionate Release"**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| CARLOS JOHNSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | CASE NO.: 1:11-CR-00012(WLS-TQL) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## <u>ORDER</u>

Following are the pro se motions filed by Defendant Carlos Johnson, which are Motion for Compassionate Release and the First Step Act (Doc. 1009), Motion for Status on the Motion (Doc. 1010), and a Second Motion for Status on the Motion (Doc. 1012). For reasons that follow, Defendant's Motion for Compassionate Release (Doc. 1009) is **DENIED** and his Motions for Status (Docs. 1010 and 1012) are **DISMISSED as moot.**

Previously, Defendant Johnson filed his first Motion for Compassionate Release (Doc. 971), which the Court denied. (Doc. 972). Thereafter, Defendant filed two additional Motions for Compassionate Release (Docs. 993; 995), which the Court also denied. (Doc. 1003).

Defendant then filed the instant Motion for Compassionate Release (Doc. 1009). Therein, Defendant seeks compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A) and the First Step Act. (Doc. 1009, at 16–17).

A motion filed pursuant to 18 U.S.C. § 3582(c)(1)(A) allows for compassionate release only in particularly extraordinary or compelling circumstances that could not have been foreseen by the court at the time of sentencing. According to the United States Sentencing Guidelines, "extraordinary and compelling reasons" that may justify relief under 18 U.S.C. § 3582(c)(1)(A)(i) include: (1) defendants with medical conditions such as terminal illness; (2) defendants at least 65 years old; or (3) death or incapacitation of the caregiver of the defendant's minor child or minor children. U.S.S.G. § 1B1.13 cmt. n.1. Inmates may file

directly to the Court only after exhaustion of administrative remedies or thirty days from receipt of a request by the Warden's Office.

Here, Defendant contends that he has exhausted administrative remedies. (Doc. 1009, at 11). He requests compassionate release or reduction in his sentence based on the following "extraordinary and compelling reasons" asserted by Defendant—he is eligible for a reduced sentence under the First Step Act; he is ineligible for RDAP participation because his offense involved firearm possession; and the sentencing disparities among his co-defendants and other defendants with similar records who were found guilty of similar conduct. (Doc. 1009, at 18–30). The Court shall address each of Defendant's reasons in turn.

Upon careful review, the Court finds that Defendant does not allege extraordinary or compelling circumstances that justify relief under § 3582(c)(1)(A). The Court also notes that Defendant's arguments are similar to that of previous motions denied by this Court on similar grounds. (Docs. 968; 972.)

First, on June 13, 2013, the Court sentenced Defendant, after he entered a guilty plea to the charge of Conspiracy to Possess with Intent to Distribute Cocaine, to a term of life imprisonment, to be followed by a 5-year supervised release. On November 17, 2015, the Court reduced Defendant's term of imprisonment to 360 months pursuant to a reduction in the guideline range for drug offences. (Doc. 919). On February 9, 2016, the Court further reduced Defendant's term of imprisonment to 264 months pursuant to the Government's motion for reduction of sentence under Federal Rule of Criminal Procedure 25(b). (Doc. 926). On August 6, 2019, the Court denied Defendant's motion for a reduction of sentence under the First Step Act (Doc. 968) because, although his conduct occurred between 2008 and 2011, Defendant was sentenced in 2013 under the provisions of the Fair Sentencing Act of 2010. (Doc. 968). Section 404(c) of the First Step Act provides that no Court shall entertain a motion made under the First Step Act of 2018 if the sentence was previously imposed in accordance with the Fair Sentencing Act of 2010. First Step Act § 404(c). Thus, the Court finds Defendant's argument that he is serving a sentence that "has not already been reduced" (Doc. 1009, at 16) to be meritless, and does not find Defendant's argument to constitute a compelling or extraordinary reason that warrants compassionate release or further reduction in his sentence.

Second, Defendant points to how he was deemed ineligible to participate in RDAP, which would permit an additional 1-year reduction, because of the alleged firearm possession. Defendant further asserts that there was no evidence to prove that he actually possessed a firearm. (Doc. 1009, at 21). Previously, Defendant objected to the two-level enhancement for possessing a firearm during the commission of the offense. (Doc. 723). At the sentencing hearing held on June 13, 2013, the Court heard from Defendant and the Government on Defendant's objection and ultimately overruled it. (Doc. 762). In addition, a review of "Statement of Reasons" (Doc. 773) shows that Defendant's sentence was imposed based on the totality of the circumstances, which included the extraordinary number of illegal narcotics involved, the number of people to whom Defendant distributed drugs to, Defendant's role in the offense, the impact of his conduct on the community, and the need to impose a sentence to deter similar conducts and acts. (Doc. 773, at 4). Thus, the Court does not find Defendant's reason—that he is ineligible for RDAP—to be a justifiable extraordinary or compelling reason.

Lastly, Defendant's argument regarding sentencing disparities among co-defendants do not constitute compelling or extraordinary reason. The Eleventh Circuit made it clear that the "only circumstances that can rise to the level of extraordinary and compelling reasons for compassionate release are limited to those extraordinary and compelling reasons as described by Section 1B1.13." *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021); *United States v. Bryant*, 996 F.3d 1243, 1247 (11th Cir. 2021). Those four categories are medical condition of the defendant, such as if defendant is suffering from a terminal illness, suffering from a serious physical or mental condition, or a serious functional or cognitive impairment; if the defendant is at least 65 years old, experiencing a serious deterioration in physical or mental health because of the age, and has served at least 10 years or 75 percent of his term of imprisonment; family circumstances where death or incapacitation of the caregiver of defendant's minor child occurs or the incapacitation of a defendant's spouse or registered partner occurs and the defendant is the only available caregiver for the spouse; and other reasons determined by the Director of the BOP. U.S.S.G. § 1B1.13, Application Note 1. Hence, the Court finds that Defendant's arguments about sentencing disparities with his co-defendants—as well as the other reasons that Defendant asserts are compelling or

3

extraordinary reasons, as discussed above—do not fit into one of the four categories. *Bryant*, 996 F.3d at 1259 ("Congress made a determined choice that the Commission, not courts, would continue to establish what reasons were extraordinary and compelling for Section 3582(c)(1)(A) motions [and] Congress also made these limited amendments in the knowledge that 1B1.13 was the applicable policy statement.") (internal citations omitted).

Thus, after careful and complete review of record and Defendant's Motion (Doc. 1009) in conjunction with the factors set forth in 18 U.S.C. 3553(a)[1] and the standard discussed above, the Court does not find that Defendant has demonstrated that he is eligible for release under § 3582(c)(1)(A). As discussed above, Defendant ultimately fails to satisfy the requirements for granting compassionate release based on extraordinary or compelling circumstances. U.S.S.G. § 1B1.13 cmt. n.1; *Giron*, 15 F.4th at 1346; *Bryant*, 996 F.3d at 1259.

Accordingly, Defendant's Motion for Compassionate Release and First Step Act of 2018 (Doc. 1009) is **DENIED**, and his Motions for Status on his Motion for Compassionate Release and First Step Act (Docs. 1010; 1012) are **DISMISSED as moot**.

**SO ORDERED**, this _17th_ day of October, 2023.


/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Pursuant to 18 U.S.C. 3582(c)(1)(A), the Court must consider any request to modify a sentence in consideration of the factors set forth in section 3553(a).

**APPENDIX 2A:**
**"Johnson's Notice of Appeal Re: Denial of His**
**Motion for Compassionate Release"**

IN THE UNITED STATES DISTRICT COURT FILED '23 11 03 PM 02:49 USDC-ALB
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

CARLOS JOHNSON                          :
                                        :
              Petitioner,               :
                                        :
      v.                                :
                                        :    Crim No. 1:11-cr-00012-WLS-TQL
UNITED STATES OF AMERICA,               :
                                        :
              Respondent.               :

## NOTICE OF APPEAL

COMES Petitioner, CARLOS JOHNSON, appearing *pro se,* and timely gives his notice of appeal of the October 17, 2023, Order entered by W. Louis Sands, Sr. [Doc. 1014] denying Johnson's Motion for Reconsideration of his Motion for Compassionate Release/Reduction in Sentence.

Respectfully submitted,

Carlos Johnson

Carlos Johnson
Reg. No. 94865-020
FCI FAIRTON
FEDERAL CORR. INSTITUTION
P.O. BOX 420
FAIRTON, NJ  08320
Appearing *Pro Se*

Carlos Johnson
Reg. No. 94865-020
FCI FAIRTON
FEDERAL CORR. INSTITUTION
P.O. BOX 420
FAIRTON, NJ 08320
October 31, 2023

Mr. David W. Bunt
Clerk of Court
U.S. District Court
Middle District of Georgia
Albany Division
201 West Broad Avenue
Albany, Georgia 31701

RE:    *Johnson v. United States*
        Crim No. 1:11-cr-00012-WLS-TQL

Dear Mr. Bunt:

Enclosed please find and accept for timely filing Petitioner's Notice of Appeal of the Order denying his Motion for Compassionate Release, and an Application To Proceed in District Court Without Prepaying Fees or Cost will be forthcoming. It is essential to note that Johnson was never given notice of the Order denying his Compassionate Release from the Court. He only learned of the denial on October 29, 2023, from an out of prison source. As such, his Notice of Appeal should be deemed timely. Please submit this notice to the Court and inform the Court why the Notice of Appeal was not filed within fourteen (14) days from the entry of the Order.

Thank you for your assistance in this matter.

Sincerely,

CARLOS JOHNSON
Appearing *Pro Se*

*Encl. as noted*



**UNITED STATES POSTAL SERVICE**

*Retail*

**P**

**US POSTAGE PAID**
**$9.65**
Origin: 77070
10/31/23
4800420059-07

**PRIORITY MAIL®**

0 Lb 1.80 Oz

**RDC 03**

EXPECTED DELIVERY DAY: 11/04/23

C006

SHIP
TO:
201 W BROAD AVE
ALBANY GA 31701-2566

**USPS TRACKING® #**

9505 5104 4801 3304 6292 83

EP14F July 2022
OD: 12 1/2 x 9 1/2

USPS.COM/PICKUP

0001000014

FROM:

Carlos Johnson
Reg. No. 94865-020
FCI FAIRTON
FEDERAL CORR. INSTITUTION
P.O. BOX 420
FAIRTON, NJ 08320

TO:

Mr. David W. Bunt
Clerk of Court
U.S. District Court
Middle District of Georgia
Albany Division
201 West Broad Avenue
Albany, Georgia 31701

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2022; All rights reserved.

**APPENDIX 3A:**
**"Eleventh Circuit's Order Granting Johnson's**
**Motion to Reinstate Appeal"**

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 28, 2024

Clerk - Middle District of Georgia
U.S. District Court
201 W BROAD AVE
ALBANY, GA 31701

Appeal Number: 23-13669-D
Case Style: USA v. Carlos Johnson
District Court Docket No: 1:11-cr-00012-WLS-TQL-1

The referenced appeal was dismissed.

Appellant's motion to reinstate this appeal has been granted by the clerk.

The parties have 14 days from the date of this order to file a notice with the Clerk specifying which motions mooted by the dismissal of this appeal, **if any**, are to be renewed. The time for filing a response to any renewed motion runs from the date the opposing party's notice is docketed. Parties seeking to renew a motion after the 14-day renewal period expires will be required to refile the motion.

Clerk's Office Phone Numbers
General Information:    404-335-6100      Attorney Admissions:          404-335-6122
Case Administration:   404-335-6135      Capital Cases:                404-335-6200
CM/ECF Help Desk:      404-335-6125      Cases Set for Oral Argument:  404-335-6141

Enclosure(s)

REINST-2 Clerk Reinst_Mot Granted

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 23-13669-D

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARLOS JOHNSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

ORDER: The motion to reinstate appeal is GRANTED. The appeal is reinstated by the clerk, effective March 28, 2024.

DAVID J. SMITH
Clerk of Court of the United States Court
of Appeals for the Eleventh Circuit

FOR THE COURT - BY DIRECTION

Carlos Johnson 94865-020
Federal Correctional Institution
Fairton
P.O. Box 420
Fairton, NJ 08320



CLEARED SECURITY

MAY 31 2024

U.S. MARSHALS SERVICE
Atlanta, GA

Mr. David J. Smith
Clerk of Court
U.S. Court of Appeals
For the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303